**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONATHAN EVERETT WARNER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0019-GKF-JFJ** |
| | ) | |
| DETECTIVE AMY M. HALL, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**OPINION AND ORDER**</u>

Plaintiff Jonathan Everett Warner ("Warner"), a self-represented prisoner, brings this action under 42 U.S.C. § 1983, claiming several local officials and municipalities violated his constitutional rights when they arrested him in Broken Arrow, Oklahoma. *See* Doc. 57. This matter is before the Court on defendant Detective Amy Hall's motion to dismiss (Doc. 69). Hall contends Warner fails to state a claim against her upon which relief may be granted, and she is entitled to qualified immunity. *See id*. Warner filed a response in opposition (Doc. 75) and Hall filed a reply (Doc. 84). For the following reasons, the Court grants in part and denies in part Hall's motion.

**BACKGROUND**

Warner initiated this action in the U.S. District Court for the Eastern District of Oklahoma[1] on December 19, 2024, and filed an amended complaint on November 12, 2025. Doc. 1; Doc. 56 at 2, n. 1;[2] Doc. 57. The amended complaint advances numerous claims against the following defendants: K9 Officer Jeff Maxey, Detective Adam Derycke, Detective Brad Sharpe, Sergeant Eric Spradlin, Sergeant Gene Watkins, Officer Jacob Drain, Officer Jefferson Reynolds, Detective

---

[1] The Eastern District transferred the case to this district on January 14, 2025.

[2] The Court's citations refer to the CM/ECF header pagination.

Amy M. Hall, the City of Tulsa, the City of Broken Arrow, and Lance Eberle. *See* Doc. 57. Warner's claims arise out of his arrest on December 23, 2022, in Broken Arrow, Oklahoma. *Id.* at 8. Warner generally alleges the officers effectuating his arrest used excessive force and failed to intervene to stop the on-going excessive force thereby violating his Fourth Amendment and Fourteenth Amendment rights. *See* Doc. 57. Critical to Hall's motion, Warner also alleges Hall deprived him of his due process rights to be protected against arbitrary government action, violated his equal protection rights and conspired with defendant Adam Derycke to deprive him of his right to be free from an unlawful seizure. *Id.* at 49-56. Warner sues Hall in her individual capacity. *Id.* at 5. As noted, Hall moves to dismiss the amended complaint for failing to state a claim against her upon which relief may be granted. Doc. 69.

**STANDARD OF REVIEW**

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted. To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded

factual allegations and construe them in the plaintiff's favor.  *Id.*  But the court may disregard legal conclusions or conclusory statements devoid of factual support.  *Id.*; *Iqbal*, 556 U.S. at 678.

Further, when a plaintiff appears without counsel, the Court must liberally construe the complaint.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But even self-represented litigants bear the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based."  *Id.*  And the rule of liberal construction neither permits nor requires a court to assume the role of the unrepresented litigant's advocate by "supply[ing] additional factual allegations to round out a plaintiff's complaint or construct[ing] a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable."  *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting *Bell Atl. Corp.*, 550 U.S. at 556).  Nonetheless, dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atl. Corp.*, 550 U.S. at 558.  The Court now turns to Warner's amended complaint and Hall's motion to dismiss.

## ANALYSIS

### I.   Due process claim

Warner alleges Hall "deprived [him] of his due process rights: to be protected against arbitrary governmental action by state authorities and/or local officials."  Doc. 57 at 49.  Hall, working with the victim of the crime, lured Warner back to Oklahoma to arrest him.  *Id.* at 50-55.  Hall also misinformed the arresting officers regarding Warner's criminal history to escalate the amount of force used to effectuate his arrest.  *See id.*

Addressing first the purported scheme by Hall to secure Warner's presence in Oklahoma, the Court agrees with Hall that this claim is appropriately considered pursuant to the Fourth Amendment, not the Fourteenth.  Doc. 69 at 5-6.  Fourteenth Amendment substantive due process standards "have no applicability" to "pretrial deprivations of liberty."  *Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996); *see also Jones v. City of Sapulpa*, Case No. 24-CV-392-MTS, 2025 WL 1195002, at *1, n. 1 (N.D. Okla. Apr. 25, 2025) (unpublished).[3]  Instead, the Fourth Amendment controls.  *Id.*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The Fourth Amendment only prohibits "unreasonable" seizures.  *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989).  Courts have held that the use of a ruse to execute an arrest warrant does not violate the Fourth Amendment.  *See, e.g., United States v. Michaud*, 268 F.3d 728, 733 (9th Cir. 2001); *see also Leahy v. United States,* 272 F.2d 487, 490 (9th Cir. 1959) ("There is no constitutional mandate forbidding the use of deception in executing a valid arrest warrant."); *Sanders v. Schulze,* Case No. 15-CV-89-N, 2015 WL 5547630, at *6 (N.D. Tex. Aug. 31, 2015) (unpublished) ("Ruses have been found to be acceptable in the Fourth Amendment context."). Here, Warner complains Hall used a ruse to execute the arrest warrant.  However, Warner does not challenge the validity of the arrest warrant.  *See* Doc. 75 at 22 ("Plaintiff … never alleged that Detective Hall lacked probable cause or a warrant for his arrest.").  Therefore, in conformity with the cited persuasive authority, the Court concludes Warner did not allege a plausible Fourth Amendment claim against Hall based on the purported scheme between Hall and the victim.

---

[3] The Court cites all unpublished decisions herein as persuasive authority.  Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Next, the Court considers Warner's claim that Hall provided the arresting officers with false information to escalate tensions during the arrest.  Doc. 57 at 52-55.  Warner alleges Hall falsely informed the fugitive warrant unit he was previously convicted of a violent charge of aggravated assault and battery to a peace officer in Illinois and "produced a firearm" during an arrest.  Doc. 57 at 52-53.  Warner alleges this misinformation "rose the level of force arresting officers … would anticipate using while effectuating his arrest."  *Id.*  Liberally construing Warner's claim, he is attempting to hold Hall liable for the allegedly excessive force used by the officers in effectuating Warner's arrest.

What the arresting officers knew or believed may impact whether Warner can ultimately prevail on his excessive force claims against the individual officers.  However, as the claim relates to Hall, it fails to establish any personal involvement by Hall during the arrest; Warner does not even allege Hall was on scene.  *See* Doc. 57 at 49-56.  "Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011).  Therefore, to the extent Warner is attempting to hold Hall liable for the excessive force purportedly utilized during his arrest under the guise of a due process violation, the Court dismisses this claim.

## II.    Equal protection claim

Next, Warner alleges Hall's conduct was motivated by the fact that she, the victim and the other arresting officers are Caucasian, and he is African American.  Doc. 57 at 51-52.  The Fourteenth Amendment's equal protection clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Am. XIV, § 1.  "Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'"  *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009) (quoting *City of*

*Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  To state a race-based equal protection claim, "[a] plaintiff must sufficiently allege that defendants were motivated by racial animus." *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989).

Here, to the extent Warner alleges his constitutional rights were violated because he is African American, Warner fails to allege any specific facts demonstrating a racial animus.  Instead, he merely identifies his, the victim's and the authorities' race.  Lacking from Warner's amended complaint is any allegation demonstrating racial animus or discriminatory treatment.

To the extent Warner presents a "class of one" claim as an African American male from Chicago (Doc. 57 at 54), Warner must allege that "others, 'similarly situated in every material respect' were treated differently."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)).  The burden on a plaintiff to show similarity in class-of-one cases is "exacting," as it is "exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable."  *Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012).  Warner does not include any allegations that an individual similarly situated in every material respect was treated differently by Hall.  Therefore, Warner's class-of-one equal protection claim does not state a claim upon which relief may be granted.  Regardless of how it is construed, the Court dismisses Warner's equal protection claim.

### III.    Conspiracy claims

Warner also alleges § 1985(3) and § 1983 conspiracies against Hall for conspiring with Derycke to unlawfully seize his cellphone and tablet in violation of the Fourth Amendment.  Doc. 57 at 55-56.

### A.  § 1985(3) conspiracy

Beginning with Warner's § 1985(3) conspiracy, Section 1985(3) "provides a right of action '[i]f two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.'" *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (quoting 42 U.S.C. § 1985(3)).  To state a plausible claim for relief under § 1985(3), a plaintiff must allege facts showing "(1) the existence of a conspiracy; (2) intended to deny him equal protection under the laws or equal privileges and immunities of the laws; (3) resulting in an injury or deprivation of federally-protected rights; and (4) an overt act in furtherance of the object of the conspiracy." *Jemaneh v. Univ. of Wyo.*, 82 F. Supp. 3d 1281, 1306 (D. Colo. 2015).  Further, Section 1985(3) applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).

Once again, Warner alleges he is an African American and Hall, the arresting officers and victim are Caucasian.  However, he does not include any allegation "that suggests a race-based animus by defendants." *Henry v. Board of Leavenworth Cnty. Comm'rs*, 64 F. Supp. 2d 1042, 1059 (D. Kan. 1999).  Beyond conclusory allegations, Warner does not allege Hall engaged in the purported conspiracy "because of [Warner's] race." *Id.*  Therefore, the Court dismisses Warner's § 1985(3) claim against Hall.

### B.  § 1983 conspiracy

Allegations of conspiracy may form the basis of a § 1983 claim. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  To support a § 1983 conspiracy claim, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. *Id.* at 1268.  "[M]ere

conclusory allegations with no supporting factual averments are insufficient" to state a valid § 1983 conspiracy claim. *Id.* Liberally construing the amended complaint, the Court finds Warner states a plausible § 1983 conspiracy claim against Hall. Warner alleges on or about December 16, 2022, Hall learned of inappropriate images on Warner's cellphone. Doc. 57 at 55-56. Subsequently, on December 21, 2022, Hall sought and obtained an arrest warrant for domestic assault and battery offenses. *Id.* at 51, 55-56. However, at this time, Hall did not seek a warrant to seize and search Warner's cellphone and tablet. *Id.* at 55-56. Nevertheless, Hall instructed the fugitive warrant unit, including Defendant Derycke, to search and seize Warner's cellphone and tablet when they executed the arrest warrant "without … having … a search and seizure warrant[.]" *Id.* at 55. At the time of his December 23, 2022 arrest, Derycke acting pursuant to the conspiracy with Hall, searched Warner's truck on "private property without permission" and seized Warner's "cellphone and tablet without consent and permission and without a search and seizure warrant." *Id.* Derycke did not "inform [Warner] that he was going to or had done so." *Id.*

"The Amended Complaint alleges that the conspiracy had a clear goal, that the defendants took 'specific actions' to 'carry out the plan' and that each defendant 'participated in the conspiracy.'" *Meyer v. City of Marion, Ks.*, 776 F. Supp. 3d 991, 1020 (D. Kan. 2025) (quoting *Bledsoe v. Carreno*, 53 F.4th 589, 609-10 (10th Cir. 2022)). The plausible goal of the conspiracy was to unlawfully seize Warner's cellphone and tablet without a warrant. Doc. 57 at 55. The amended complaint identifies the "specific actions defendants allegedly took to carry out the plan[:]" Hall created the plan and provided the direction to seize the electronics, and Derycke seized Warner's cellphone and tablet without consent, permission or a warrant. *Id.* This claim is not subject to dismissal at this stage.

### i.    *Heck* bar

Hall contends the § 1983 conspiracy claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Doc. 69 at 3.  Hall interprets Warner's conspiracy claim as an impermissible attack on the validity of Warner's guilty plea and conviction in the criminal case that was the subject of his arrest.  *Id.*  In *Heck*, the Supreme Court held:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[.]

*Heck*, 512 U.S. at 587 (emphasis in original).

Here, after his arrest, Warner was convicted, via guilty plea, of domestic assault and battery by strangulation and domestic assault and battery against a current or former intimate partner.  Docket, *State of Oklahoma v. Warner* (Tulsa Cnty. Dist. Ct. Feb. 26, 2024).[4]  These charges correlate to the December 21, 2022 arrest warrant Hall obtained for domestic assault and battery.  *See* Doc. 57 at 50, 51.  Warner was arrested, and his cellphone was seized, on December 23, 2022.  *Id.* at 49, 55.  Therefore, as pled, the basis for the charges was formed prior to Warner's cellphone and tablet being seized.

Warner reveals Hall received information of "inappropriate images on Plaintiff's cellphone and tablet from the alleged victim."  Doc. 57 at 55.  But it is unclear if the images relate to the charges of assault and battery or something else.  It is also unclear if the images were the basis of

---

[4]  The Court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue.  *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

the convictions. At this stage of the litigation and considering only Warner's allegations, the Court cannot conclude Warner's claim of conspiracy for unlawfully seizing his cellphone and tablet would invalidate his underlying criminal convictions. Therefore, the Court rejects Hall's contention that Warner's claim, at this juncture, violates *Heck*.[5]

### ii.   Qualified immunity

Finally, Hall contends she is entitled to qualified immunity. Doc. 69 at 7. She offers:

> Because [Warner] has not plausibly alleged a violation … the inquiry ends. Even if he had, [Warner] can cite no precedent putting Detective Hall on notice that her alleged conduct – encouraging a suspect to return under false pretenses, or providing internal misinformation – violates the Constitution. Absent such authority, the right is not "clearly established." Therefore, Detective Hall is entitled to qualified immunity[.]

*Id.*

The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") provides the following guidance concerning a qualified immunity defense at the motion to dismiss stage:

> Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant raises the defense of qualified immunity, "the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (quotation omitted). Thus, to survive a motion to dismiss based on qualified immunity, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).
>
> But to trigger the plaintiff's two-part burden, a defendant must first "adequately present" the qualified-immunity defense. *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020); *see Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)

---

[5]  Having rejected Hall's *Heck* contention, the Court denies Warner's motion for leave to file supplemental response (Doc. 85) wherein he seeks leave to further address Hall's *Heck* argument. *See* Doc. 85 at 2.

(holding that "the burden of pleading" a qualified-immunity defense "rests with the defendant"). And to adequately present the defense, the defendant must not only explicitly raise it, *see Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018), but must also plead the defense beyond a "perfunctory assertion," *Tillmon*, 817 F. App'x at 590. Accordingly, where a defendant makes only a bare assertion of qualified immunity, the plaintiff bears no burden to satisfy the ordinary two-prong test. *See id.*; *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (holding that a defendant's "qualified-immunity argument was underdeveloped" where it "contain[ed] mostly general legal statements and empty platitudes").

Finally, in raising a qualified-immunity defense, a defendant may not merely rely on substantive legal arguments based on the Rule 12(b)(6) failure-to-state-a-claim standard. *Tillmon*, 817 F. App'x at 590; *Montoya*, 898 F.3d at 1064–65 (holding that a "failure-to-state-a-claim argument, without more, is insufficient to raise qualified immunity" because "a claim of immunity is conceptually distinct from the merits of the plaintiff's claim" (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985))).

*Berryman v. Niceta*, 143 F.4th 1134, 1140-41 (10th Cir. 2025).

Here, Hall fails to adequately raise qualified immunity. First, she impermissibly relies, in part, on her Rule 12(b)(6) argument. *See* Doc. 69 at 7. Further, Hall's "cursory argument makes no attempt to analyze any facts within the applicable legal framework, and so it provides no clear factual or legal basis for asserting the defense." *Berryman*, 143 F.4th at 1141.

The Court also notes Hall inverts the appropriate order of analysis. She must first adequately raise the defense "beyond a perfunctory assertion" before Warner is required to demonstrate the right is clearly established. However, Hall attempts to place the onus on Warner to first cite precedent demonstrating the right is clearly established. Doc. 57 at 7. The Tenth Circuit makes clear when a defendant, as Hall did here, "makes only a bare assertion of qualified immunity," the plaintiff "bears no burden to satisfy the ordinary two-prong test." *Berryman*, 143 F.4th at 1140-41. For these reasons, the Court declines to grant Hall's motion based on qualified immunity. As outlined, Warner stated a § 1983 conspiracy claim against Hall that, at this stage, is not barred by *Heck* or qualified immunity.

### IV.    Conclusion

As outlined above, the Court fully considered Warner's claims against Defendant Amy Hall.  The Court dismisses Warner's due process, equal protection and § 1985(3) conspiracy claims.  Warner's § 1983 conspiracy claim is not subject to dismissal at this time.

**IT IS THEREFORE ORDERED** that Hall's motion to dismiss (Doc. 69) is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that Warner **may proceed** on his § 1983 conspiracy to unlawfully seize Warner's cellphone and tablet claim against Hall.

**IT IS FURTHER ORDERED** that the amended complaint is **dismissed, in part,** as to Warner's due process, equal protection and § 1985(3) conspiracy claims against Hall.

**IT IS FURTHER ORDERED** that Hall shall file her answer to Warner's amended complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that Warner's motion for leave to file supplemental response (Doc. 85) is **denied**.

**DATED** this 21st day of July, 2026.


**GREGORY K. FRIZZELL**
**UNITED STATES DISTRICT JUDGE**