**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JONATHAN EVERETT WARNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0019-GKF-JFJ** |
| | ) | |
| **DETECTIVE AMY M. HALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Plaintiff Jonathan Everett Warner ("Warner"), a self-represented prisoner, brings this action under 42 U.S.C. § 1983, claiming several local officials and municipalities violated his constitutional rights when they arrested him in Broken Arrow, Oklahoma. *See* Doc. 57. This matter is before the Court on eight motions to dismiss filed by Defendants Jeff Maxey (Doc. 60), Jacob Drain (Doc. 63), Adam Derycke (Doc. 64), Jefferson Reynolds (Doc. 65), Brad Sharpe (Doc. 66), Eric Spradlin (Doc. 67), Gene Watkins (Doc. 68) and Lance Eberle (Doc. 70) (collectively, "Officer Defendants"). Each of the Officer Defendants contend Warner's claims against them are time-barred because the amended complaint (Doc. 57) does not relate back to the filing of the original complaint (Doc. 1), and Warner failed to state a claim against them upon which relief can be granted. Warner filed a response in opposition. Doc. 75. Defendants Drain and Reynolds filed a joint reply (Doc. 81), and Defendants Derycke, Eberle, Maxey, Sharpe, Spradlin and Watkins filed a joint reply (Doc. 83).[1] For the following reasons, the Court grants the motions to dismiss.

[1] Warner also filed an unauthorized sur-reply. Doc. 86; *see* LCvR7-1(f) (requiring leave of court to file supplemental brief). Warner's sur-reply shall be stricken.

**BACKGROUND**

Warner initiated this action in the U.S. District Court for the Eastern District of Oklahoma on December 19, 2024.[2] Doc. 1; Doc. 56 at 2, n. 1.[3] Warner named the following defendants: Detective A.M. Hall, Officer Dog Handler, Officer John Doe #1, Officer John Doe #2, Officer John Doe #3, Officer John Doe #4, Officer John Doe #5, Several Other Unidentified Officers, Fugitive Warrant Unit of Tulsa, Tulsa Police Department, City of Tulsa, City of Broken Arrow, and the Board of County Commissioners of Tulsa County. Doc. 1 at 1. After the Court found the original complaint was sufficient to survive preliminary screening (Doc. 13), Warner submitted summonses and service of process forms in May 2025 identifying the following individuals as defendants to be served with the original complaint: K9 Officer Jeff A. Maxey #2522, Detective Adam DeRycke #2641, Detective Brad Sharpe #2284, Lt. Lance Eberle #1946, Sergeant Gene Watkins #1645, Sergeant Eric Spradlin #2017, Fugitive Warrant Unit of Tulsa, Tulsa Police Department, Broken Arrow Police Department, Board of County Commissioners of Tulsa County, Officer Jefferson Reynolds #279, Officer Jacob Drain #244, Detective Amy M. Hall #2272, City of Tulsa, and City of Broken Arrow. Doc. 16. After the United States Marshals effectuated service (Doc. 35), the Officer Defendants moved to dismiss the complaint. *See* Docs. 32, 34 and 41. Defendants Drain and Reynolds also moved to quash service. *See* Doc. 41.

In response to the motions to dismiss, Warner requested leave to file an amended complaint which some of the Officer Defendants opposed. Docs. 46, 52 and 54. The Court denied Defendants Drain and Reynolds's motion to quash service, granted Warner leave to file the

---

[2] The Eastern District subsequently transferred the action to this court.
[3] The Court's citations refer to the CM/ECF header pagination.

proposed amended complaint and denied the motions to dismiss the original complaint as moot. Doc. 56. The amended complaint was filed November 12, 2025. Doc. 57.

The amended complaint advances numerous claims against the following defendants: K9 Officer Jeff Maxey, Detective Adam Derycke, Detective Brad Sharpe, Sergeant Eric Spradlin, Sergeant Gene Watkins, Officer Jacob Drain, Officer Jefferson Reynolds, Detective Amy Hall, the City of Tulsa, the City of Broken Arrow, and Lance Eberle. *See* Doc. 57. Warner's claims arise out of his arrest on December 23, 2022, in Broken Arrow, Oklahoma. *Id.* at 8. Warner generally alleges the Officer Defendants used excessive force to effectuate his arrest and the Officer Defendants failed to intervene to stop the on-going excessive force thereby violating his Fourth Amendment and Fourteenth Amendment rights. *See* Doc. 57. Warner also advances conspiracy, intentional infliction of emotional distress, deliberate indifference, supervisory liability, and official capacity claims against the Officer Defendants. *See id.*, *generally*. As noted, the Officer Defendants move to dismiss the amended complaint as time-barred and for failing to state a claim upon which relief may be granted. Docs. 60 (Maxey), 63 (Drain), 64 (Derycke), 65 (Reynolds), 66 (Sharpe), 67 (Spradlin), 68 (Watkins) and 70 (Eberle).

**STANDARD OF REVIEW**

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted. To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."). The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor. *Id.* But the court may disregard legal conclusions or conclusory statements devoid of factual support. *Id.*; *Iqbal*, 556 U.S. at 678.

Further, when a plaintiff appears without counsel, the Court must liberally construe the complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even self-represented litigants bear the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." *Id.* And the rule of liberal construction neither permits nor requires a court to assume the role of the unrepresented litigant's advocate by "supply[ing] additional factual allegations to round out a plaintiff's complaint or construct[ing] a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting *Bell Atl. Corp.*, 550 U.S. at 556). Nonetheless, dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp.*, 550 U.S. at 558. The Court now turns to Warner's amended complaint and the Officer Defendants' motions to dismiss.

## ANALYSIS

### I. Relation Back Doctrine

The Officer Defendants lead with the contention that Warner's amended complaint is time-barred. *See, e.g.,* Doc. 60 at 2-5. "If the allegations in the complaint show that the requested relief

is barred by the applicable statute of limitations, the complaint is subject to dismissal with prejudice for failure to state a claim under Rule 12(b)(6)." *Turner v. City of Tulsa*, Case No. 25-CV-121-JFJ, 2025 WL 3517866, at *2 (N.D. Okla. Dec. 8, 2025) (unpublished)[4] (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Chance v. Zinke,* 898 F.3d 1025, 1034 (10th Cir. 2018)). Because § 1983 does not contain a statute of limitations, federal courts "must adopt the most analogous limitations period provided by state law." *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (noting that the statute of limitations for a § 1983 action "is that which the [s]tate provides for personal-injury torts"). In Oklahoma, the applicable statute of limitations is two years. Okla. Stat. tit. 12, § 95(3); *Titsworth v. Okla. Dep't of Corr.*, 561 F. App'x 746, 747 (10th Cir. 2014); *Stevenson v. Grace*, 356 F. App'x 97, 98 (10th Cir. 2009); *Alexander v. Oklahoma*, 382 F.3d 1206, 1212 n.1 (10th Cir. 2004).

But federal law governs the accrual date of a § 1983 claim. *Wallace*, 549 U.S. at 388. Under federal law, a § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)); *see also Alexander*, 382 F.3d at 1215 ("In general, under the federal discovery rule, claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994))). Thus, a plaintiff in Oklahoma ordinarily must file a § 1983 action within two years of the date when the facts supporting the plaintiff's cause of action are or should be apparent to the plaintiff.

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Here, Warner's claims arise out of his December 23, 2022 arrest. Doc. 57 at 8, 11-13. Therefore, Warner was required to file his action on or before December 23, 2024. Warner filed his original complaint on December 19, 2024. *See* Doc. 56 at 2, n.1. However, in the original complaint, Warner identified four "John Doe" police officer defendants, a "John Doe" police sergeant defendant, a John Doe "Officer Dog Handler," and "Several Other Unidentified Officers." *See* Doc. 1. The only named individual defendant was "Detective A.M. Hall." *See id.* at 1. Months later, when Warner submitted his summons forms to the Court Clerk for service by the U.S. Marshals Service on May 19, 2025, and filed his amended complaint on November 12, 2025, he identified the Officer Defendants by name. *See* Docs. 16 and 57. Therefore, the question before the Court is whether the filing of the amended complaint relates back to the date of the original complaint to render Warner's claims, as to the now-identified Officer Defendants, timely pursuant to Federal Rule of Civil Procedure 15(c)(1). Rule 15(c)(1) provides:

> ***(1) When an Amendment Relates Back***. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Where an amended pleading changes a party or a party's name, the elements of Rule 15(c)(1)(C) must be satisfied for the amended pleading to relate back. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010).

The Officer Defendants maintain that Warner's amended complaint does not relate back because they were not provided notice of the action within the period prescribed by Rule 4(m). *See, e.g.,* Doc. 60 at 3; Doc. 64 at 2-5.[5] Thus, they contend, the amended complaint does not relate back pursuant to Rule 15(c)(1)(C)(i). They also argue that Warner fails to satisfy Rule 15(c)(1)(C)(ii). They contend "nothing in the record supports an inference that [they] knew or should have known [they] were the intended defendant[s] at any point near the December 2024 filing." *Id.* Further, Warner "simply lacked the information necessary to identify [the Officer Defendants] when he filed suit at the eleventh hour. Under *Garrett*,[6] that ends the relation-back inquiry." *Id.*

The Officer Defendants do not challenge the amended complaint's satisfaction of Rule 15(c)(1)(B), one of the requirements of Rule 15(c)(1)(C). *See, e.g.,* Doc. 64 at 2-5; *see also* Doc. 65 at 3-6. Therefore, the Court will focus its analysis on the remaining requirements, including the satisfaction of Rule 4(m), Rule 15(c)(1)(C)(i), and Rule 15(c)(1)(C)(ii).

---

[5] The Tulsa Police Officer Defendants (Sharpe, Spradlin, Watkins and Eberle) incorporate Derycke's relation back argument into their motions to dismiss. *See* Doc. 66 at 2, Doc. 67 at 2, Doc. 68 at 2, Doc. 70 at 2. Therefore, for ease of discussion, the Court will generally reference Derycke's motion to dismiss, Doc. 64.

[6] In *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004), the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") held "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address[,]" and, therefore, identification of a John Doe defendant in an amended complaint did not relate back to the date the original complaint was filed. *Garrett,* 362 F.3d at 697.

**A. Rule 4(m)**

As noted, Rule 15(c)(1)(C) requires, in relevant part, that a newly added defendant receive notice of the action "within the period provided by Rule 4(m)." Fed. R. Civ. P. 4(m) sets this period as 90 days unless "the plaintiff shows good cause for the failure" to serve. *Id.* In such a case, Rule 4(m)'s service period is enlarged because the district court "*must* extend the time for service for an appropriate period." *Id.* (emphasis added). "By referencing only 'the period provided by Rule 4(m),' and not 'the initial' or 'default period provided by Rule 4(m),' the plain text of Rule 15(c)(1)(C) means to include the entire Rule 4(m) service period, which includes any mandatory extensions granted for good cause." *Moore v. Walton*, 96 F.4th 616, 624 (3d Cir. 2024).[7]

Here, the Court extended the time for service, pursuant to Rule 4(m), to August 15, 2025. Doc. 17 at 2. Counsel entered appearances for the eight specifically named Officer Defendants prior to August 15, 2025. See Doc. 30, Doc. 39, and Doc. 40. Thus, each of the Officer Defendants received notice of the action within the extended Rule 4(m) service period.

**B. Rule 15(c)(1)(C)(i)**

The Officer Defendants contend they did not receive notice of the action to satisfy Rule 15(c)(1)(C)(i). The Court disagrees. The returns of service show that the Officer Defendants received summonses specifically identifying them by name and badge number and a copy of the original complaint in July 2025. *See* Doc. 35; *see also* Doc. 56 (denying Defendants Drain and Reynolds's motion to quash). Thus, within the period provided by Rule 4(m), each of the Officer Defendants received notice of the action. Further, none of the Officer Defendants argue, pursuant

---

[7] The Advisory Committee's note to Rule 15(c)(1)(C) supports this reading. The Committee explained, "[i]n allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the [90] days specified in that rule, *but also any additional time resulting from any extension ordered by the court pursuant to that rule.*" Fed. R. Civ. P. 15 Advisory Committee Note to the 1991 Amendment (emphasis added).

to Rule 15(c)(1)(c)(i), they will be prejudiced by defending on the merits. *See, e.g.,* Doc. 64 at 2-5. Accordingly, Warner satisfies Rule 15(c)(1)(C)(i).

**C. Rule 15(c)(1)(C)(ii)**

The Officer Defendants rely on *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004), to contend Warner cannot satisfy Rule 15(c)(1)(C)(ii). *See, e.g.,* Doc. 64 at 3-5. In *Garrett*, the Tenth Circuit wrote that "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B).'"[8] *Garrett*, 362 F.3d at 696.

Six years after *Garrett*, the U.S. Supreme Court addressed the issue of relation back pursuant to Rule 15(c)(1)(C)(ii) in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). The plaintiff, Krupski, filed suit against a cruise company for personal injuries. Her ticket identified the carrier as Costa Crociere S.p.A. and Costa Cruise Lines N.V. as the carrier's sales and marketing agent and "the issuer of this Passage Ticket Contract". Krupski filed suit against Costa Cruise. After the limitations period expired, Costa Cruise brought Costa Crociere's existence to Krupski's attention and moved for summary judgment because Costa Crociere was the proper defendant. The district court denied the motion for summary judgment without prejudice, granted Krupski leave to amend, and ordered Krupski to effect proper service on Costa Crociere. Upon service, Costa Crociere moved to dismiss, contending that the amended complaint did not relate back under Rule 15(c) and was therefore untimely. The district court granted the motion to dismiss and the Eleventh Circuit affirmed.

The Supreme Court reversed and remanded, explaining that:

> The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but

---

[8]The language of Rule 15(c)(3)(B) was subsequently restyled and is now found at 15(c)(1)(C)(ii).

> whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.

*Id.* at 548.

*Krupski* does not address the relation back issue with respect to John Doe defendants. Lower courts are divided concerning the application of Rule 15(c)(1)(C)(ii) to John Doe defendants post-*Krupski*. One camp holds "pursuant to *Krupski*, an amendment replacing a John Doe defendant with the name of the relevant defendant can relate back to the date of the original pleading if the notice requirements are otherwise met." *See Pacheco v. New Mexico Corr. Dep't*, Case No. 24-CV-105—LF-JMR, 2025 WL 3171497, at *3 (D.N.M. Nov. 13, 2025) (unpublished); *Rivera v. New Castle Cnty. Police Dep't*, 152 F.4th 147, 152–53 (3d Cir. 2025); *Garcia v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, Case No. 09-cv-00433-BB-WDS, 2010 WL 11618983, at *7–8 (D.N.M. Nov. 30, 2010) (unpublished); *Harrison v. Wellpath, LLC*, Case No. 21-cv-00395-KWR-JFR, 2024 WL 964234, at *6 (D.N.M. Mar. 6, 2024) (unpublished) (conducting relation back inquiry for John Doe defendants outside the statute of limitations but determining that defendants' knowledge was lacking, making relation back inappropriate); *Vigil v. Laurence*, 524 F. Supp. 3d 1120, 1126–27 (D. Colo. 2021) (collecting cases within the District of Colorado in support of the conclusion that *Krupski* abrogates *Garrett*). Some courts favor resolving the relation-back question at the summary judgment stage given *Krupski*'s focus on the defendant's knowledge. *See Gonzales v. Brown*, No. Case No. 12-cv-495-JED-PJC, 2014 WL 4748604, at *8 (N.D. Okla. Sept. 23, 2014) (unpublished); *Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 644 (E.D. Okla. 2015) (unpublished); *Horrell v. Cherokee Cnty. Gov. Bldg. Auth.*, Case No. 21-cv-96-JFH-GLJ, 2024 WL 4346715, at *2 (E.D. Okla. Sept. 30, 2024) (unpublished); *Gutierrez v. Doe*, Case No. 25-CV-290-KRS-JRH, 2025 WL 2689830, at *4 (D.N.M. Sept. 19, 2025) (unpublished);

*Jolliff v. Rogers Cnty. Sherriff's Dep't*, Case No. 24-CV-065-JCG-SH, 2026 WL 309937 (N.D. Okla. Feb. 5, 2026) (unpublished).

The other camp holds that lack of knowledge of a John Doe defendant's identity is not a 'mistake,' and therefore does not allow relation back for the addition of defendants previously identified with a John Doe placeholder. *See Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470–71 (5th Cir. 2019); *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 605 (6th Cir. 2025); *Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579–81 (8th Cir. 2017).

**i. *Garrett* is controlling.**

*Garrett*'s prohibition on relation back for "John Doe" placeholder defendants can co-exist with *Krupski*. *See Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012) ("Even after *Krupski*, Rule 15(c) . . . allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations."). Multiple other circuit courts have held that the choice to name a party as "John Doe" is not a "mistake" within the meaning of Rule 15(c)(1)(C)(ii), even after *Krupski*. *See, e.g.*, *id.*; *Winzer*, 916 F.3d at 470-71; *Herrera*, 8 F.4th at 498; *Heglund*, 871 F.3d at 579. Insofar as *Garrett* stands as binding precedential authority in the Tenth Circuit and can co-exist with *Krupski*, this Court will continue to follow the precedent set in *Garrett*. *See West v. Bam! Pizza Mgmt.*, Case No. 22-CV-209-SMD-JMR, 2026 WL 2350306 at *7 (D.N.M. Aug. 13, 2026) (unpublished).

Accordingly, Warner's amended claims against the five John Doe Officers, as well as his claims against "Officer Dog Handler" and "Several Other Unidentified Officers," do not relate

back under Rule 15(c). Warner's amended claims are thus time-barred as to Defendants Maxey, Drain, Derycke, Reynolds, Sharpe, Spradlin, Watkins, and Eberle and must be dismissed.[9]

**II. Conclusion**

As outlined above, Warner's original claims against Defendants Maxey, Derycke, Sharpe, Spradlin, Watkins, Drain, Reynolds, and Eberle each used a deliberate "placeholder" term rather than the Defendant's real name. The Tenth Circuit's holding in *Garrett*, which is still good law, instructs that the use of a deliberate placeholder term like "John Doe" is not a mistake within the meaning of Rule 15(c)(1)(C)(ii). Accordingly, Warner's amended claims against Maxey, Derycke, Sharpe, Spradlin, Watkins, Drain, Reynolds, and Eberle cannot relate back under Rule 15(c) and must be dismissed.

**IT IS THEREFORE ORDERED** that Jeff Maxey's motion to dismiss (Doc. 60) is **granted.**

**IT IS FURTHER ORDERED** that Jacob Drain's motion to dismiss (Doc. 63) is **granted.**

**IT IS FURTHER ORDERED** that Adam Derycke's motion to dismiss (Doc. 64) is **granted.**

**IT IS FURTHER ORDERED** that Jefferson Reynolds' motion to dismiss (Doc. 65) is **granted.**

**IT IS FURTHER ORDERED** that Brad Sharpe's motion to dismiss (Doc. 66) is **granted.**

**IT IS FURTHER ORDERED** that Eric Spradlin's motion to dismiss (Doc. 67) is **granted.**

---

[9] Having dispensed with Warner's claims against the remaining Officer Defendants, the Court denies as moot Warner's motion to lodge body-worn camera video evidence submitted through power of attorney (Doc. 76). The only surviving claim is Warner's conspiracy claim against Defendant Amy Hall, and the Court already resolved Defendant Hall's Motion to Dismiss. *See* Docs. 69 and 99. Accordingly, consideration of the body camera footage to resolve the defendants' motions to dismiss is unnecessary.

**IT IS FURTHER ORDERED** that Gene Watkins' motion to dismiss (Doc. 68) is **granted.**

**IT IS FURTHER ORDERED** that Lance Eberle's motion to dismiss (Doc. 70) is **granted.**

**IT IS FURTHER ORDERED** that Warner's motion to lodge body-worn camera video evidence submitted through power of attorney (Doc. 76) is **denied as moot.**

**IT IS FURTHER ORDERED** that Warner's sur-reply (Doc. 86) is **stricken**.

**DATED** this 21st day of September, 2026.

**GREGORY K. FRIZZELL**
**UNITED STATES DISTRICT JUDGE**